## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **ERIN M.,**<br><br>          **Plaintiff,**<br><br>**v.**<br><br>**KILOLO KIJAKAZI,[1]**<br>**Acting Commissioner of Social Security,**<br><br>          **Defendant.** | **REPORT AND RECOMMENDATION**<br><br>**Case No. 2:21-CV-00137-TC-JCB**<br><br>**District Judge Tena Campbell**<br><br>**Magistrate Judge Jared C. Bennett** |

District Judge Tena Campbell referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[2] Before the court is Plaintiff Erin M.'s ("Plaintiff") appeal of Acting Commissioner of Social Security Kilolo Kijakazi's ("Commissioner") final decision determining that Plaintiff was not entitled to Widower's Insurance Benefits ("WIB") under Title II of the Social Security Act[3] and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.[4] After careful consideration of the written briefs and the complete record, the court concludes that oral argument is not necessary in this case. As shown below, the undersigned respectfully recommends that the Commissioner's decision be affirmed.

---

[1] ECF No. 14.

[2] ECF No. 16.

[3] 42 U.S.C. §§ 401-434.

[4] *Id.* §§ 1381-1383f.

## PROCEDURAL BACKGROUND

In January 2017, Plaintiff applied for WIB and SSI.[5] Plaintiff's claims were denied initially[6] and upon reconsideration.[7] On December 26, 2019, Plaintiff appeared for a hearing before an Administrative Law Judge ("ALJ").[8] On January 24, 2020, the ALJ issued a written decision denying Plaintiff's claims.[9] Plaintiff appealed the adverse ruling, and, on January 7, 2021, the Appeals Council denied her appeal,[10] making the ALJ's decision final for purposes of judicial review.[11] On March 8, 2021, Plaintiff filed her complaint in this case seeking review of the Commissioner's final decision.[12]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[13] The Commissioner's findings, "if supported by substantial evidence,

---

[5] ECF No. 19, Administrative Record ("AR __") 223, 236.

[6] AR 140, 144.

[7] AR 152-54.

[8] AR 43-75.

[9] AR  20-38.

[10] AR 1-3.

[11] 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

[12] ECF No. 3.

[13] Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).

shall be conclusive."[14] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[15] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[16] "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[17]

The aforementioned standards of review apply to the ALJ's five-step evaluation process for determining whether a claimant is disabled.[18] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[19]

> Step one determines whether the claimant is presently engaged in substantial gainful activity.  If [the claimant] is, disability benefits are denied.  If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits.  If, on the other hand, the claimant

---

[14] 42 U.S.C. § 405(g).

[15] *Lax,* 489 F.3d at 1084 (quotations and citation omitted).

[16] *Madrid v. Barnhart,* 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[17] *Jensen v. Barnhart,* 436 F.3d 1163, 1165 (10th Cir. 2005) (first alteration in original) (quotations and citation omitted).

[18] 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen,* 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[19] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three. [20]

At step three, the claimant must show that his or her impairment meets or equals one of several listed impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[21] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[22] Before considering step four, however, the ALJ must determine the claimant's residual functional capacity ("RFC").[23] An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments.[24] In making this finding, the ALJ must consider all of the claimant's impairments, including impairments that are not severe.[25]

With the fourth step, the claimant must show, given her RFC, that her impairments prevent performance of her "past relevant work."[26] "If the claimant is able to perform [her]

---

[20] *Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)-(iii), 416.920(a)(4)(i)-(iii).

[21] 20 C.F.R. §§ 404.1525(a), 416.925(a); *see also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

[22] *Williams*, 844 F.2d at 751.

[23] 20 C.F.R. §§ 404.1520(e), 416.920(e).

[24] 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

[25] 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).

[26] 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

previous work, [she] is not disabled."[27] If, however, the claimant is not able to perform her previous work, she "has met [her] burden of proof, establishing a prima facie case of disability."[28]

From here, "[t]he evaluation process . . . proceeds to the fifth and final step."[29] At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of [her] age, education, and work experience."[30] If it is determined that the claimant "can make an adjustment to other work," she is not disabled.[31] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," she is disabled and entitled to benefits.[32]

## ANALYSIS

Plaintiff argues that the ALJ's decision is "not supported by substantial evidence" because it "does not seem to address how the totality of [Plaintiff's] physical and mental impairments would impact the practical realities of her being able to work in the modern competitive workplace."[33] To support this contention, Plaintiff makes a variety of arguments that

---

[27] *Williams*, 844 F.2d at 751.

[28] *Id*.

[29] *Id*.

[30] *Id*. (quotations and citation omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[31] 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[32] 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[33] ECF No. 24 at 15.

demonstrate disagreement with the ALJ's conclusions and generally assert error in the following

three areas: (1) that the ALJ failed to further develop the medical record regarding certain

impairments; (2) that the ALJ's RFC determination failed to include all of Plaintiff's limitations;

and (3) that the ALJ failed to correctly evaluate pertinent VE testimony. Plaintiff's arguments are

undeveloped, lack meaningful analysis, and fail to identify any specific findings by the ALJ that

are not supported by substantial evidence or not legally sufficient. Consequently, the court could

decline to consider Plaintiff's arguments on that basis alone.[34] However, as explained below,

even if the court considers these arguments, they fail.

### 1. The Record was Sufficiently Developed

Plaintiff argues that "the ALJ abused his discretion by failing to further develop the

record with respect to [her] epilepsy with recurrent seizures, her obesity and her fibromyalgia,"

resulting in an RFC that failed to include all her limitations.[35] The entirety of Plaintiff's

argument on this subject is contained in the foregoing sentence. Plaintiff provides no further

discussion or analysis and makes no reference to the record or legal authority. As previously

---

[34] *Mays v. Colvin*, 739 F.3d 569, 576 (10th Cir. 2014) (declining to consider an argument that was not adequately developed and stating that the court "will not construct an argument" for the plaintiff); *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those of [Plaintiff's] contentions that have been adequately briefed for our review."); *Wall v. Astrue*, 561 F.3d 1048, 1065 (10th Cir. 2009) (declining to consider an argument because the plaintiff failed to support the argument "with any developed argumentation" and stating that "[w]here an appellant lists an issue, but does not support the issue with argument, the issue is waived on appeal" (quotations and citations omitted)); *Eateries, Inc. v. J.R. Simplot Co.,* 346 F.3d 1225, 1232 (10th Cir. 2003) ("A party forfeits an issue it does not support with legal authority."); *Murrell v. Shalala*, 43 F.3d 1388, 1390 n.2 (10th Cir. 1994) (concluding that "perfunctory complaints" that "fail to frame and develop an issue" are not "sufficient to invoke appellate review").

[35] ECF No. 24 at 13.

stated, because this argument is not developed, the court need not consider it.[36] However, even if

the court considers this argument, it fails.

An ALJ has a basic duty of inquiry to "fully and fairly develop the medical record as to

material issues."[37] However, the duty to further develop the record is not triggered absent the

"presence of some objective medical evidence in the record suggesting that existence of a

condition which could have a material impact on the disability decision *requiring further*

*investigation*."[38] Here, the record was sufficiently developed regarding Plaintiff's impairments.

As an initial matter, as far as the court can discern, obesity was not an issue in this case. It does

not appear that any provider assessed Plaintiff with obesity. In fact, Plaintiff's medical records

indicate that Plaintiff was "not observed to be obese."[39] Consequently, there is no evidence that

obesity contributed to any of Plaintiff's limitations and no reason to "further develop the record"

regarding obesity.

As for Plaintiff's fibromyalgia and seizure disorder, the record was sufficiently developed

regarding these medically determinable impairments.[40] For example, Dr. Chestnut opined that

---

[36] *See, e.g., Mays,* 739 F.3d at 576; *Keyes-Zachary,* 695 F.3d at 1161; *Wall,* 561 F.3d at 1065.

[37] *Baca v. Department of Health and Human Servs.,* 5 F.3d 476, 479-80 (1993).

[38] *Hawkins v. Chater,* 113 F.3d 1162, 1167 (10th Cir. 1997).

[39] AR 1164.

[40] The ALJ found Plaintiff's seizure disorder "non-severe." AR 23. The ALJ noted that although
Plaintiff has a "history of epilepsy with recurrent seizures," "objective evidence of seizure
activity is not evidenced in the record, and findings are primarily based on [Plaintiff's] self-
reporting." *Id.* Plaintiff's "neurological examinations are generally unremarkable," "diagnostic
imagin[g] of [Plaintiff's] head has shown no acute abnormality," and Plaintiff's seizure disorder
is "well-controlled with medication." *Id.* The ALJ stated that even though the record failed to

Plaintiff had no limitations due to fibromyalgia or her seizures.[41] Likewise, Dr. Mehr opined that despite Plaintiff's impairments, "there are no functional restrictions, and she can likely frequently lift 25 pounds, occasionally lift 45 pounds, stand or walk 8 hours in an 8-hour day with normal breaks, and sit 8 hours in an 8-hour day with normal breaks."[42] Given these facts based on evidence in the record, Plaintiff's argument that the ALJ did not sufficiently develop the record as to Plaintiff's seizures, obesity, and fibromyalgia is without merit.

**2.   Substantial Evidence Supports the ALJ's Assessment of Plaintiff's RFC**

The bulk of Plaintiff's argument is aimed at the ALJ's assessment of Plaintiff's RFC and the ALJ's failure to include additional and greater limitations.[43] After considering the evidence in the record, the ALJ determined Plaintiff's RFC as follows: "The medical record relating to [Plaintiff's] back impairment, fibromyalgia, headaches, kidney disease, and heart condition support limiting [her] to light work with reduced postural and manipulative activity, restricted exposure to hazards, and ready access to the restroom."[44] Additionally, the ALJ found that "[w]hile [Plaintiff's] mental findings are generally unremarkable, [Plaintiff's] depression and anxiety, as well as potential cognitive impairments associated with symptoms of fibromyalgia are severe in combination and warrant a limitation to unskilled work not performed at production

---

show that Plaintiff's seizure disorder caused anything more than "minimal limitation," he nonetheless "conservatively assessed seizure precautions" in Plaintiff's RFC. *Id.*

[41] AR 889-90.

[42] AR 788.

[43] ECF No. 24 at 13-16, 18-26, 29-34.

[44] AR 28.

pace."[45] In reaching this conclusion, the ALJ considered the medical opinions in the record in accord with the governing regulations.[46] The ALJ also evaluated Plaintiff's reported symptoms to assess the extent to which they affect her ability to do work-related activities.[47]

Plaintiff's argument that the RFC is not supported by substantial evidence is based the ALJ's evaluation of Plaintiff's symptoms (or as  Plaintiff calls it, the "consistency analysis"), and the ALJ's failure to include additional limitations in the RFC based on Plaintiff's subjective testimony regarding her limitations.[48] As explained below, the ALJ's evaluation of Plaintiff's symptoms and the extent to which they affect her ability to do work-related activities is supported by substantial evidence.

### A.  Substantial Evidence Supports the ALJ's Symptom Evaluation

The ALJ is required to consider objective medical and other evidence when determining how a claimant's symptoms affect her capacity to perform work-related activities.[49] To make this

---

[45] *Id.*

[46] The agency issued new regulations regarding the evaluation of medical source opinions for claims filed on or after March 27, 2017. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844-01 (Jan. 18, 2017) (final rules). Because Plaintiff filed her claims in January 2017,  AR 20, the court's review of the ALJ's consideration of the medical opinions is under 20 C.F.R. §§ 404.1527, 416.927. 927 (evaluating opinion evidence for claims filed before March 27, 2017). Plaintiff does not appear to challenge the ALJ's evaluation and weighting of any medical opinion. Therefore, Plaintiff has waived any argument that the medical opinions could support limitations in the RFC beyond those assessed by the ALJ. *See, e.g., Keyes-Zachary*, 695 F.3d at 1161.

[47] 20 C.F.R. §§ 404.1529, 416.929 (detailing the framework for evaluating a claimant's subjective statements regarding their symptoms).

[48] ECF No. 24 at 15.

[49] 20 C.F.R. §§ 404.1529, 416.929.

determination, the ALJ must evaluate a claimant's symptom-related statements to determine whether they are consistent with other evidence in the record.[50] Where an ALJ finds consistency, this tends to show the claimant's symptoms are more likely to reduce her capacity to work. Conversely, a finding that the claimant's subjective complaints are not consistent with the evidence supports a determination that claimant's symptoms are less likely to reduce her capacity to work.[51] Here, the ALJ found that although Plaintiff's "medically determinable impairments could reasonably be expected to cause [her] alleged symptoms," Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record" and did not support the extent of Plaintiff's allegations regarding work-related activities.[52]

Plaintiff states generally that she "takes issue with the ALJ's consistency analysis."[53] However, Plaintiff does not thereafter allege or identify any specific errors in the ALJ's assessment of the evidence or legal analysis. Instead, Plaintiff appears to take issue with the statutory and regulatory framework governing the consistency analysis. Plaintiff argues that

---

[50] *Poppa v. Astrue*, 569 F.3d 1167, 1171 (10th Cir. 2009) ("Since the purpose of the credibility evaluation is to help the ALJ assess a claimant's RFC, the ALJ's credibility and RFC determinations are inherently intertwined."). Effective March 28, 2016, SSR 16-3P eliminated the term "credibility" from the agency's sub-regulatory policy. Social Security Ruling ("SSR") 16-3P, 2017 WL 5180304 (Oct. 25, 2017). However, the regulations governing symptom analysis, 20 C.F.R. §§ 404.1529, 416.929, have not changed and cases interpreting those regulations remain relevant.

[51] SSR 16-3P, 2017 WL 5180304, at *2.

[52] AR 28.

[53] ECF No. 24 at 16.

"comparing a claimant's testimony regarding work-related limitations to the objective medical evidence . . . [has] methodological challenges."[54] According to Plaintiff, inconsistencies are "baked into the system," and as a result the "methodology" or analysis established by the statutory and regulatory framework fails to serve its intended purpose.[55] Additionally, Plaintiff argues that, "[w]hile . . . some claimants may exaggerate the intensity, persistence, and limiting effects of their impairments/symptoms, [ ] other claimants may take their oath to tell the truth seriously and may be telling the truth. That is [Plaintiff's] position."[56] Significantly, however, none of Plaintiff's arguments identify issues within the parameters of this court's review. Simply put, none of Plaintiff's arguments show or even suggest that the ALJ in this case failed to apply the correct legal standards or that the ALJ's consistency findings were not supported by substantial evidence in the record.

The consistency analysis is "peculiarly the province of the finder of fact" and such determinations will not be upset if the findings are supported by substantial evidence.[57] "[S]o long as the ALJ 'sets forth the specific evidence he relies on in evaluating the claimant's credibility,' he need not make a "formalistic factor-by-factor recitation of the evidence.'"[58] Here,

---

[54] *Id.* at 20.

[55] *Id.* at 25. *See generally id.* at 18-25 (explaining the methodological challenges and asserting that "inconsistencies" are "baked" into the system).

[56] ECF No. 24 at 19.

[57] *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010).

[58] *Keyes-Zachary*, 695 F.3d at 1167 (quoting *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000)).

Plaintiff claimed to experience severe physical and mental symptoms.[59] While recognizing that Plaintiff's impairments could cause such symptoms, the ALJ provided well-supported reasons for concluding that Plaintiff's reported symptoms were not as severe as she claimed. The ALJ applied the appropriate legal standard and adequately articulated his findings by identifying specific evidence in the record including the objective medical evidence, the conservative nature of her treatment, the efficacy of her treatment, and her daily activities.[60] Thus, substantial evidence supports the ALJ's evaluation of Plaintiff's reported symptoms and the extent to which they limited Plaintiff's ability to do work-related activity.

### 3. The ALJ Reasonably Relied on the VE's Testimony.

At step five of the sequential evaluation process the burden of production shifts to the Commissioner to demonstrate that other work exists in significant numbers in the national economy that the claimant can perform.[61] To meet this burden of production, an ALJ may rely on VE testimony.[62]

In this case, the ALJ first asked the VE about a hypothetical individual with Plaintiff's age, education, work experience, and RFC.[63] The VE testified that such an individual could work

---

[59] AR 26, 302-03, 312-13.

[60] AR 28; *see Qualls*, 206 F.3d at 1372 (providing that the ALJ is not required to discuss how the evidence relates to each particular factor, he need only set forth the specific evidence on which he relied).

[61] 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2).

[62] *Heckler v. Campbell*, 461 U.S. 458, 461 (1983).

[63] AR 66-67; *see* AR 25 (RFC assessment).

as a medical assembler, laundry folder, and housekeeping cleaner (all light, unskilled jobs).[64] The ALJ relied on this testimony when he found at step five that Plaintiff could do other work existing in significant numbers in the national economy.[65] Plaintiff argues, however, that the ALJ erred by not adopting the second hypothetical posed to the VE, which further assumed that the individual would be off task an average of 15% of the workday or absent from work 4 days per month. In response to the second hypothetical, the VE testified that such an individual could not perform any work.[66]

Having previously determined that Plaintiff's claimed limitations were inconsistent with the evidence in the record, the ALJ found that Plaintiff's limitations were consistent with the first hypothetical, not the second.[67] "The ALJ was not required to accept the answer to a hypothetical question that included limitations claimed by the plaintiff but not accepted by the ALJ as supported by the record."[68] In this case, the uncontradicted testimony before the ALJ was that a hypothetical individual with the same limitations that the ALJ ultimately assessed in Plaintiff's RFC would be able to do the three occupations identified by the VE. Therefore, the ALJ's

---

[64] AR 67-68.

[65] AR 31-32. *See Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993) (providing that when the findings regarding a claimant's impairment are adequately reflected in the ALJ's hypothetical to the VE, the VE's testimony constitutes substantial evidence to support the ALJ's related determination).

[66] ECF No. 24 at 14, 26-27; AR 68.

[67] *Compare* AR 25 (RFC) *with* AR 66-67 (first hypothetical), 68 (second hypothetical).

[68] *Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995).

finding that Plaintiff could do other work existing in significant numbers in the national economy is supported by substantial evidence.

## CONCLUSION AND RECOMMENDATION

Having determined that the ALJ's findings and conclusions are supported by substantial evidence and free from legal error, the undersigned HEREBY RECOMMENDS that the district court AFFIRM the Commissioner's decision.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[69] The parties must file any objection to this Report and Recommendation within fourteen days after being served with a copy of it.[70] Failure to object may constitute waiver of objections upon subsequent review.

DATED July 28, 2022.

JARED C. BENNETT
United States Magistrate Judge

---

[69] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[70] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).