IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ERIN MICHELLE MECHAM,<br><br>                 Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,[1]<br><br>                 Defendant. | **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**<br><br>Case No. 2:21-cv-00137-TC-JCB<br><br>District Judge Tena Campbell<br>Magistrate Judge Jared C. Bennett |

      Plaintiff Erin Michelle Mecham applied for Widower's Insurance Benefits (WIB) and Supplemental Security Income (SSI) in January 2017. Administrative Record, ECF No. 19 ("AR __"), 223, 236. Her claims were denied, both initially and upon reconsideration. AR 140, 144, 152–54. In December 2019, Ms. Mecham appeared for a hearing before an Administrative Law Judge (ALJ). AR 43–75. In January 2020, the ALJ issued a written decision denying her claims. AR 20–38. She appealed the ALJ's ruling and in January 2021, the Appeals Council denied her appeal. AR 1–3. The Appeals Council's denial made the ALJ's decision final for the purposes of judicial review. 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

      In March 2021, Ms. Mecham filed her complaint in this case, appealing Defendant Commissioner of the Social Security Administration's (Commissioner) final decision determining Plaintiff was not entitled to WIB under Title II of the Social Security Act (SSA) or SSI under Title XVI of the SSA. See generally Compl., ECF No. 3. The court referred this case

---

[1] Ms. Mecham's Complaint names Andrew Saul, then-Commissioner of the Social Security Administration, as Defendant. See ECF No. 3. On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and was, as a result, substituted for Mr. Saul as defendant in this suit. ECF No. 14 (citing Fed. R. Civ. P. 25(d); § 205(g) of the Social Security Act, 42 U.S.C. § 405(g)).

to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).  ECF No. 16.  On July 28, 2022, Judge Bennett submitted a fourteen-page Report and Recommendation (R&R), ECF No. 29, in which he recommends that the court affirm the Commissioner's decision.

On August 11, 2022, Ms. Mecham filed a timely objection to Judge Bennett's R&R.  Obj. to R&R, ECF No. 30.  Accordingly, the court will "make a de novo determination" of the portions of the R&R to which she objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  She "objects to the Magistrate Judge's Report and Recommendation insofar as it determines the [ALJ]'s findings on Ms. Mecham having no problems being a productive employee and having no attendance problems is supported by substantial evidence."  ECF No. 30 at 5–6; see id. at 5 ("If the [ALJ] decided to not include a limitation of being off task more than 15% of the workday, and not being absent more than four days a month, that must mean that [the ALJ] found that Ms. Mecham was fully capable of being productive every workday, and would be able to maintain steady attendance week after week. Ms. Mecham contends that that is the finding which is not supported by substantial evidence, considering the record as a whole.").  The Commissioner responded to Ms. Mecham's objection, encouraging the court to overrule the objection and adopt Judge Bennett's R&R.  See generally Resp. Pl.'s Obj. to R&R, ECF No. 31.

Ms. Mecham's objection to Judge Bennett's R&R fails because the ALJ's findings are supported by substantial evidence in the record.[2]  In reviewing an ALJ's decision, a court

---

[2] Ms. Mecham's objections to the R&R also do not meet the requirements of Rule 72(b)(2), which states that "a party may serve and file *specific* written objections to the proposed findings and recommendations."  (emphasis added).  She focuses on what she describes as the ALJ's findings that she had "no problems being a productive employee" and "no attendance problems." ECF No. 30 at 6.  But Judge Bennett does not characterize the ALJ's determination regarding Ms. Mecham's work-related abilities and limitations as her having "no problems being a productive employee," nor did he assess the record's evidence in relation to such a finding.  Because Ms. Mecham's objection lacks specificity, which Rule 72(b)(2) requires, the court could consider her objection waived on this basis.  Birch v. Polaris Indus., Inc., 812 F.3d 1238, 1246 (10th Cir. 2015) (quoting Fed. R. Civ. P. 72(b)(3)) ("[When a] district court refers dispositive matters to a magistrate judge for a report and recommendation . . . the district

"review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." Garcia v. Comm'r, SSA, 817 F. App'x 640, 645 (10th Cir. 2020) (quoting Lax, 489 F.3d at 1084 (internal quotation marks omitted)). The court will consider whether the ALJ followed the legal standards for weighing particular types of evidence in cases such as this, but it "will not reweigh the evidence or substitute [its] judgment for the Commissioner's." Lax, 489 F. 3d at 1084 (quoting Hackett, 395 F.3d at 1172 (internal citations omitted)). The court "may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Garcia, 817 F. App'x at 645 (quoting Lax, 489 F.3d at 1084 (alteration and internal quotation marks omitted)).

Here the ALJ's factual findings regarding Ms. Mecham's symptoms' impact on her ability to attend work and do work-related activity are supported by substantial evidence. In her objection to the R&R, Ms. Mecham points to a pair of hypotheticals the ALJ asked the testifying

---

court 'must determine de novo any part of the magistrate judge's disposition that has been *properly* objected to.'" (emphasis added)). What Judge Bennett did find is that

> The ALJ applied the appropriate legal standard and adequately articulated his findings by identifying specific evidence in the record including the objective medical evidence, the conservative nature of [Ms. Mecham's] treatment, and her daily activities. Thus, substantial evidence supports the ALJ's evaluation of Plaintiff's reported symptoms and the extent to which they limited Plaintiff's ability to do work-related activity.

ECF No. 29 at 12. He further found that "the ALJ's finding that Plaintiff could do other work existing in significant numbers in the national economy is supported by substantial evidence." Id. at 13–14. Because Ms. Mecham refers to a lack of substantial evidence, see ECF No. 30 at 5, the court interprets her objection as directed towards these findings.

3

vocational expert (VE).  See ECF No. 30 at 2–5.³  She also points to evidence from the record indicating her impairment.  See id. at 4–5.  She argues that this "doesn't qualify as substantial evidence to support the proposition that [she] would have steady attendance and would be able to work productively every workday."  See id.

Looking only at the evidence cited by Ms. Mecham, her argument might hold water.  But as she points out, the "ALJ was not required to accept the answer to a hypothetical question that included limitations claimed by plaintiff but not accepted by the ALJ as supported by the record."  Bean v. Chater, 77 F.3d 1210, 1214 (10th Cir. 1995); ECF No. 30 at 3.  The ALJ did not need to accept the second hypothetical posed to the VE as the ALJ had already determined that Ms. Mecham's claimed limitations were inconsistent with evidence in the record.  See AR 28 ("After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.").

Further, the evidence Ms. Mecham cites is not a comprehensive or balanced representation of the record or of the ALJ's reference to and reliance upon it.  Rather, the ALJ determined her claimed limitations were not consistent with evidence in the record, and in doing so specifically identified evidence from the record in supporting the finding.  See AR 22–32

---

³ In the first hypothetical, the ALJ asked the VE whether a hypothetical individual that shared Ms. Mecham's age, education, work experience, and her residual functional capacity could perform work in significant numbers in the national economy; the VE responded by listing several light work, unskilled jobs such an individual could perform.  AR 67–68.  In the second hypothetical, the ALJ asked the VE to assume the individual in the first hypothetical would also "be either off task an average of 15% of the workday or absent from work four days per month due to her medical conditions and medical treatment," and whether that individual could perform any work; the VE responded "No."  AR 68.

(finding, for example, that Ms. Mecham's epilepsy was "non-severe," "well-controlled with medication," and that the record "does not indicate that this impairment has caused the claimant more than minimal limitation."). A reasonable mind might accept this evidence from the record as adequate support for the ALJ's findings regarding Ms. Mecham's ability to do work-related activity.

## **ORDER**

Judge Bennett properly applied the law in this case and correctly determined that substantial evidence supports the ALJ's decision. For that reason, the court ADOPTS the R&R, ECF No. 29, affirms the Commissioner's decision, and DISMISSES the case.

DATED this 8th day of September, 2022.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge